## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRYAN POOLE : | |
| 3826 Albemarle Ave : | |
| Drexel Hill, PA 19026 : | CIVIL ACTION |
| : | |
| Plaintiff, : | No.:_____ |
| : | |
| v. : | |
| : | |
| TRIPLE CANOPY, INC. : | **JURY TRIAL DEMANDED** |
| 13530 Dulles Tech Drive #500 : | |
| Herndon, VA 20171 : | |
| and : | |
| CONSTELLIS HOLDINGS, INC. : | |
| d/b/a CONSTELLIS : | |
| 13530 Dulles Tech Drive #500 : | |
| Herndon, VA 20171 : | |
| : | |
| Defendants. : | |
| : | |

## CIVIL ACTION COMPLAINT

Bryan Poole (*hereinafter* referred to as "Plaintiff," unless indicated otherwise) by and through his undersigned counsel, hereby avers as follows:

## INTRODUCTION

1. Plaintiff has initiated this action to redress violations by Triple Canopy, Inc. and Constellis Holdings, Inc. d/b/a Constellis (*hereinafter* referred to as "Defendants") of Title VII of the Civil Rights Act of 1964 ("Title VII" – 42 U.S.C. §§ 200d *et seq*.), Section 1981 of the Civil Rights Act of 1866 ("Section 1981" – 42 U.S.C. § 1981), and the Pennsylvania Human Relations Act ("PHRA").[1] As a direct consequence of Defendants' unlawful actions, Plaintiff seeks damages as set forth herein.

---

[1] Plaintiff's claims under the PHRA are referenced herein for notice purposes. He is required to wait 1 full year before initiating a lawsuit from date of dual-filing with the EEOC. Plaintiff must however file his lawsuit in advance of same

## JURISDICTION AND VENUE

2. This Court has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal laws.

3. This Court may properly assert personal jurisdiction over Defendants because its contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *Int'l Shoe Co. v. Washington*, 326 U.S. 310 (1945), and its progeny.

4. Pursuant to 28 U.S.C. § 1392(b)(1) and (b)(2), venue is properly laid in this district because Defendants are deemed to reside where it is subjected to personal jurisdiction, rendering Defendants residents of the Eastern District of Pennsylvania.

5. Plaintiff is proceeding herein after properly exhausting all administrative remedies with respect to such claims by timely filing a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and by filing the instant lawsuit within ninety (90) days of receiving a notice of dismissal and/or right to sue letter from the EEOC.

## PARTIES

6. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

7. Plaintiff is an adult individual, with an address as set forth in the caption.

---

because of the date of issuance of his federal right-to-sue-letter under Title VII. Plaintiff's PHRA claims however will mirror identically his federal claims under Title VII and 1981.

8. Defendant Triple Canopy, Inc is a private security company that provides security and other services to corporate, government and nonprofit clients, including at the William Green, Jr. Federal Building, located at 600 Arch Street, Philadelphia, PA, 19106 where Plaintiff primarily worked.

9. Defendant Constellis Holdings, Inc. d/b/a Constellis is a privately-held defense and security company, which previously merged with Defendant Triple Canopy, Inc. and provides similar security related services, including at the William Green, Jr. Federal Building, located at 600 Arch Street, Philadelphia, PA, 19106 where Plaintiff primarily worked.

10. Defendant Triple Canopy, Inc and Defendant Constellis Holdings, Inc. d/b/a Constellis share a common business/principal office address at the above captioned address, a common mailing address at the above captioned address, and share and have interrelation of operations, management, and employees.

11. Because of their interrelation of operations or management, centralized control and sharing of labor, commingling of funds, common ownership or management, common financial controls, and other factors, Defendants are sufficiently interrelated and integrated that they may be treated as a single and/or joint employer for purposes of the instant action.

12. At all times relevant herein, Defendants acted through its agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

**FACTUAL BACKGROUND**

13. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

14. Plaintiff is a black (African-American) male.

15. Plaintiff was hired in or about 2017 as a Security Officer working for Defendants.

16. As noted *supra,* Plaintiff was considered based out of and/or working primarily from the William Green, Jr. Federal Building, located at 600 Arch Street, Philadelphia, PA, 19106.

17. During his employment, Plaintiff was primarily supervised by Lieutenant Carl Metroka (Caucasian - *hereinafter* "Metroka").

18. The large majority of Defendants' upper management, particularly at the William Green, Jr. Federal Building, are almost entirely Caucasian and/or non-black.

19. Based on Plaintiff's observations and belief, African-American employees were often treated differently and less favorably than Caucasian employees by Caucasian upper management.

20. Indeed, Plaintiff and other African-American employees were also subjected to hostility and animosity through racially-discriminatory and disparate treatment.

21. By way of example, but not intended to be an exhaustive list: (1) policies were selectively enforced against African-American employees; (2) Plaintiff and other African-American employees were treated in a derogatory and demeaning way and regularly talked down to, particularly by Lieutenant Metroka; (3) African-American employees were treated less favorably with regards to building assignments and treatment by management; (4) African-American employees were subjected to unfair discipline and termination, unlike their Caucasian and/or non-black co-workers for the same or similar infractions; and (5) unlike the Caucasian and/or non-black co-workers, Plaintiff and other African-American employees were not given progressive discipline, but instead, were regularly terminated for first offenses.

22. During his employment, Plaintiff complained to upper management that he was being treated unfairly and hostilely and singled out by Metroka, but instead of investigating Plaintiff's concerns, they were ignored.

23. As a result, Metroka subjected Plaintiff to even greater hostility and animosity, including berating Plaintiff, telling Plaintiff he "did not like" him, and that he would "get to the bottom of this" (without advising Plaintiff what he was referring to).

24. Further, upon information and belief, on several occasions Metroka would pull only Plaintiff's logbooks in an attempt to find some reason to discipline and/or terminate Plaintiff.

25. Plaintiff was then terminated on or about July 13, 2021, for alleged "post abandonment" and "falsifying government documents" for taking a brief break to refrain from falling asleep during an 8-hour shift without a single break, and without noting the break in Plaintiff's logbook, despite the fact that Plaintiff had followed the proper sign out procedures and had noted the break in his logbook.

26. Defendants' reason for Plaintiff's termination is completely pretextual because (1) Plaintiff had worked hard for Defendants and performed his job well; (2) Plaintiff's termination went against Defendants' documented policies, which call for progressive discipline steps, including but not limited to a 5-day suspension for first offenses and prior to termination; (3) Caucasian and/or non-black security guards were regularly given multiple chances and afforded progressive discipline for taking unauthorized breaks and were rarely (if ever) disciplined or terminated for not documenting same in their log books (i.e., upon information and belief, at least one Caucasian employee left his post and the site entirely to visit a drugstore, but was only given a write-up and retained his job; another Caucasian employee admitted to leaving his post and doing homework in his car but was not terminated for same; and a Caucasian Lieutenant falsified

documents (which was investigated by the federal police) in order to avoid a fine, but has not been terminated for same); and (4) Plaintiff followed the proper sign out procedures before taking his break to refrain from falling asleep at Plaintiff's post (a two-person post) – which is an immediately terminable offense.

27. Furthermore, upon information and belief, unlike Caucasian and/or non-black employees, Defendants had a pattern and practice of unfairly terminating black employees for petty and/or minor infractions under the guise of "post abandonment" and "falsifying government documents."

28. For example, around the time of Plaintiff's termination (July of 2021), Defendants unfairly terminated at least one other black employee Tyshon Hasty against Defendants' documented policies, for a first offense for the same or similar reasons as Plaintiff.

29. Therefore, Plaintiff believes and avers that Plaintiff was subjected to a hostile work environment and terminated because of his race and Plaintiff's objections to and/or complaints of race discrimination.

**COUNT I**
**Violation of Title VII of the Civil Rights Act of 1964 ("Title VII")**
**([1] Race Discrimination; [2] Retaliation; and [3] Hostile Work Environment)**

30. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

31. During Plaintiff's employment with Defendants, he was subjected to discrimination, retaliation, and a hostile work environment through disparate treatment as outlined *supra* because of his race.

32. Plaintiff was terminated for completely pretextual reasons.

33. Therefore, Plaintiff believes and avers that Plaintiff was subjected to a hostile work environment and terminated because of his race and Plaintiff's objections to/complaints of race discrimination.

34. These actions as aforesaid constitute violations of Title VII.

## COUNT II
### Violations of 42 U.S.C. Section 1981
([1] Race Discrimination; [2] Retaliation; and [3] Hostile Work Environment)

35. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

36. During Plaintiff's employment with Defendants, he was subjected to discrimination, retaliation, and a hostile work environment through disparate treatment as outlined *supra* because of his race.

37. Plaintiff was terminated for completely pretextual reasons.

38. Therefore, Plaintiff believes and avers that Plaintiff was subjected to a hostile work environment and terminated because of his race and Plaintiff's objections to/complaints of race discrimination.

39. These actions as aforesaid constitute violations of Section 1981.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendants are to promulgate and adhere to a policy prohibiting discrimination in the future against any employee(s);

B. Defendants are to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendants' illegal actions, including but not limited to back pay, front pay, salary pay increases, bonuses, insurance, benefits, training, promotions, reinstatement and seniority;

C. Plaintiff is to be awarded punitive damages as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendants for their willful, deliberate, malicious and outrageous conduct and to deter Defendants or other employers from engaging in such misconduct in the future;

D. Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper and appropriate (including but not limited to damages for emotional distress, pain, suffering and humiliation); and

E. Plaintiff is to be awarded the costs and expenses of this action and reasonable attorney's fees as provided by applicable federal and state law.

F. Plaintiff is to be given a jury trial as demanded in the caption of this Complaint.

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By: _____
Ari R. Karpf, Esq.
3331 Street Road
Two Greenwood Square, Suite 128
Bensalem, PA 19020
(215) 639-0801

Dated: January 26, 2022

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Bryan Poole | : | CIVIL ACTION |
| v. | : | |
| Triple Canopy, Inc., et al. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.  ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.  ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.  ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)  ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.  (X)

| 1/26/2022 | *[signature]* | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 639-0801 | (215) 639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: __3826 Albemarle Avenue, Drexel Hill, PA 19026__

Address of Defendant: __13530 Dulles Tech Drive, #500, Herndon, VA 20171__

Place of Accident, Incident or Transaction: __Defendants place of business__

---

**RELATED CASE, IF ANY:**

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes [ ]  No [X]

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes [ ]  No [X]

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes [ ]  No [X]

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes [ ]  No [X]

I certify that, to my knowledge, the within case [ ] is / [X] is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __1/26/2022__   _/s/ (signature)_   ARK2484 / 91538
*Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

**A.  Federal Question Cases:**
1. [ ] Indemnity Contract, Marine Contract, and All Other Contracts
2. [ ] FELA
3. [ ] Jones Act-Personal Injury
4. [ ] Antitrust
5. [ ] Patent
6. [ ] Labor-Management Relations
7. [X] Civil Rights
8. [ ] Habeas Corpus
9. [ ] Securities Act(s) Cases
10. [ ] Social Security Review Cases
11. [ ] All other Federal Question Cases
    *(Please specify):* _____

**B.  Diversity Jurisdiction Cases:**
1. [ ] Insurance Contract and Other Contracts
2. [ ] Airplane Personal Injury
3. [ ] Assault, Defamation
4. [ ] Marine Personal Injury
5. [ ] Motor Vehicle Personal Injury
6. [ ] Other Personal Injury *(Please specify):* _____
7. [ ] Products Liability
8. [ ] Products Liability – Asbestos
9. [ ] All other Diversity Cases
    *(Please specify):* _____

---

### ARBITRATION CERTIFICATION
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, __Ari R. Karpf__, counsel of record *or* pro se plaintiff, do hereby certify:

[X] Pursuant to Local Civil Rule 53.2, § 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

[ ] Relief other than monetary damages is sought.

DATE: __1/26/2022__   _/s/ (signature)_   ARK2484 / 91538
*Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

JS 44   (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
POOLE, BRYAN

**DEFENDANTS**
TRIPLE CANOPY, INC., ET AL.

**(b)** County of Residence of First Listed Plaintiff: Delaware
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Fairfax
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Karpf, Karpf & Cerutti, P.C.; 3331 Street Road, Two Greenwood Square, Suite 128, Bensalem, PA 19020; (215) 639-0801; akarpf@karpf-law.com

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated *or* Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated *and* Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | 625 Drug Related Seizure of Property 21 USC 881 | 422 Appeal 28 USC 158 | 375 False Claims Act |
| 120 Marine | 310 Airplane | 365 Personal Injury - Product Liability | 690 Other | 423 Withdrawal 28 USC 157 | 376 Qui Tam (31 USC 3729(a)) |
| 130 Miller Act | 315 Airplane Product Liability | 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | 400 State Reapportionment |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander | | | 820 Copyrights | 410 Antitrust |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers' Liability | | | 830 Patent | 430 Banks and Banking |
| 151 Medicare Act | 340 Marine | 368 Asbestos Personal Injury Product Liability | | 835 Patent - Abbreviated New Drug Application | 450 Commerce |
| 152 Recovery of Defaulted Student Loans (Excludes Veterans) | 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | 840 Trademark | 460 Deportation |
| 153 Recovery of Overpayment of Veteran's Benefits | 350 Motor Vehicle | 370 Other Fraud | 710 Fair Labor Standards Act | **SOCIAL SECURITY** | 470 Racketeer Influenced and Corrupt Organizations |
| 160 Stockholders' Suits | 355 Motor Vehicle Product Liability | 371 Truth in Lending | 720 Labor/Management Relations | 861 HIA (1395ff) | 480 Consumer Credit |
| 190 Other Contract | 360 Other Personal Injury | 380 Other Personal Property Damage | 740 Railway Labor Act | 862 Black Lung (923) | 490 Cable/Sat TV |
| 195 Contract Product Liability | 362 Personal Injury - Medical Malpractice | 385 Property Damage Product Liability | 751 Family and Medical Leave Act | 863 DIWC/DIWW (405(g)) | 850 Securities/Commodities/ Exchange |
| 196 Franchise | | | 790 Other Labor Litigation | 864 SSID Title XVI | 890 Other Statutory Actions |
| | | | 791 Employee Retirement Income Security Act | 865 RSI (405(g)) | 891 Agricultural Acts |
| | | | | | 893 Environmental Matters |
| | | | | | 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | 896 Arbitration |
| 210 Land Condemnation | 440 Other Civil Rights | **Habeas Corpus:** | | 870 Taxes (U.S. Plaintiff or Defendant) | 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| 220 Foreclosure | 441 Voting | 463 Alien Detainee | | 871 IRS—Third Party 26 USC 7609 | |
| 230 Rent Lease & Ejectment | [X] 442 Employment | 510 Motions to Vacate Sentence | | | 950 Constitutionality of State Statutes |
| 240 Torts to Land | 443 Housing/ Accommodations | 530 General | | | |
| 245 Tort Product Liability | 445 Amer. w/Disabilities - Employment | 535 Death Penalty | **IMMIGRATION** | | |
| 290 All Other Real Property | 446 Amer. w/Disabilities - Other | **Other:** | 462 Naturalization Application | | |
| | 448 Education | 540 Mandamus & Other | 465 Other Immigration Actions | | |
| | | 550 Civil Rights | | | |
| | | 555 Prison Condition | | | |
| | | 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Title VII (42USC2000); Section 1981 (42USC1981)

Brief description of cause:
Violations of Title VII, Section 1981 and the PHRA.

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [X] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE: 
DOCKET NUMBER:

DATE: 1/26/2022

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #      AMOUNT      APPLYING IFP      JUDGE      MAG. JUDGE

Print    Save As...    Reset